# Pratt Consolidated Coal Co. *v.* Bozeman.

*Injury to Servant.*

(Decided February 11, 1915. Rehearing denied May 13, 1915.
68 South. 887.)

1. *Master and Servant; Injury to Servant; Negligence.*—Where the action was to recover' for the death of a convict claimed to have been negligently put to work in defendant's mine while his feet and ankles were sore and the skin broken, as a result of which, from exposure to cold, dirt and water, he became sick and died, the burden was on plaintiff to show either that the servants of defendant knew of the condition of the convict's feet and ankles, or that the condition was such that they were guilty of negligence in not ascertaining it.

2. *Same; Inspection.*—A contractor employing convicts is not under the legal duty to make frequent inspection of the convicts for minor ailments, such as sore feet and ankles, having the right to assume that the convicts themselves would make such matters known.

(Sayre and Thomas, JJ., dissent.)

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by J. S. Bozeman, as administrator, against the Pratt Consolidated Coal Company, for damages for the death of his intestate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The facts disclosed by count 13 are that one Burrell Bozeman was convicted in Lawrence county on the charge of selling whisky without license and sentenced to hard labor for nine months, and was hired by the county authorities to defendant under said sentence; that defendant was engaged in mining coal in Walker county, and put deceased in its coal mine in said county to work, and plaintiff alleges that the agents, servants, or employees of defendant, whose names are unknown to plaintiff, and who were acting within the line and scope of their duty or authority, negligently put

[Pratt Consolidated Coal Co. v. Bozeman.]

intestate to work in said mine while his feet and ankles were sore, and the skin on his said feet and ankles had been and was broken and punctured when his feet were exposed to cold and dirt and water; and as a proximate result thereof intestate became sick and died. The demurrers raise the question decided in the opinion.

BANKHEAD & BANKHEAD, for appellant.

RAY & COONER, and MAYHALL & STAGNER, for appellee.

PER CURIAM.—(1) This cause was submitted to the jury upon count 13 alone. The gravamen of the action as disclosed by this count is that the servants of the defendant negligently put intestate to work in the mines while his feet were sore, and the skin on his said feet and ankles had been broken and punctured when his feet were exposed to dirt and cold and water; non constat there was no negligence in putting the intestate to work in the place in question unless his feet and ankles were at the time sore, etc. Therefore, in order to show the negligence charged as the proximate cause of the death of the intestate, it was incumbent upon the plaintiff to show that the defendant's servants knew of the condition of the intestate's feet and ankles, or were guilty of negligence in not first ascertaining the condition of same. There is no proof that they knew the intestate's feet and ankles were sore. While the witness Davis testified that the intestate complained of same, there is nothing to show that he did so to, or in the presence or hearing of, the servants of the defendant, or that the sores were open to ordinary observation.

(2) Nor was it the duty of the defendant's servants to make daily or frequent inspection of the convicts for such ailments or troubles as the one set up. They had the right to assume that if the intestate's feet and ankles were sore or swollen, or pained him, he would make the fact known to them.

The trial court erred in not giving the general charge requested by the defendant, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN, MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur. SAYRE and THOMAS, JJ., dissent.